
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 13 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LIN'S WAHA INTERNATIONAL CORP.,

                Plaintiff,

      - against –

TINGYI (CAYMAN ISLANDS) HOLDING
CORP.,

                Defendant.
------------------------------------------------------------
TINGYI (CAYMAN ISLANDS) HOLDING
CORP.,

                Counterclaim-Plaintiff,

      - against -

LIN'S WAHA INTERNATIONAL CORP.,
KANG SHI FU USA INC., IZGU HOLDINGS
GROUP LIMITED, LIN'S GROUP HOLDING
CORP., LIN'S USA GROUP HOLDING LLC,
JACKY LIN, XIU QING LIN, MEI QIN LIN
and DOES 1-50,

                Counterclaim-Defendants.
------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**
17-cv-00773 (AMD) (ST)

ANN M. DONNELLY, United States District Judge:

On February 10, 2017, the plaintiff, Lin's Waha International Corp., filed this action seeking a declaration that its use of certain marks "do[es] not infringe, dilute, or otherwise interfere with any asserted rights" of the defendant, Tingyi (Cayman Islands) Holding Corp. (ECF No. 1 at 1-2.) The plaintiff also seeks cancellation of Tingyi's trademark registrations based on abandonment and non-use. (*Id.* at 2.) On February 26, 2018, Tingyi asserted 11 counterclaims, including a claim for declaratory judgment that Lin's Waha's copyrights are

1

invalid (Count VII). (ECF No. 45 at 23-44.) On March 30, 2018, Lin's Waha moved to dismiss Count VII pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), claiming lack of subject matter jurisdiction, failure to state a claim for relief, and failure to state a claim for attorneys' fees. (ECF No. 59.) For the reasons that follow, Lin's Waha's motion to dismiss Count VII of Tingyi's counterclaims is denied.

## BACKGROUND[1]

This dispute arises from the parties' use of similar images—a chef and the words "Kang Shi Fu"—on food and beverage packaging. The counterclaim plaintiff, Tingyi (Cayman Islands) Holding Corp., is a food and beverage company, and specializes in the production and distribution of baked goods, beverages, and instant noodles. (ECF No. 45 at 12.) Tingyi markets and distributes goods in the United States and around the world under trademarks including the following logos: Kang Shi Fu in Chinese characters, a cartoon "chef man" design, and an image of the words "Mr. Kron." (*Id.* at 12-13.) Tingyi also claims "extensive common law rights" in these images based on its continuous use of them in the United States and New York. (*Id.* at 14.) Tingyi claims to be the "exclusive copyright owner" of the "chef man" design, which was registered with the National Copyright Administration of the People's Republic of China (PRC Reg. No. 00108588, effective date January 2, 2014). (*Id.* at 16.) Tingyi also owns trademark registrations of its Kang Shi Fu marks issued by the United States Patent and Trademark Office in 1996, 1999, and 2008; the trademarks are for instant noodles, rice porridge, and tea-,

---

[1] For purposes of this motion, I assume as true all factual allegations that Tingyi asserts in its counterclaims, and construe all inferences and ambiguities in Tingyi's favor. *See Olagues v. Perceptive Advisors LLC*, 902 F.3d 121, 123 (2d Cir. 2018); *Trodale Holdings LLC v. Bristol Healthcare Inv'rs L.P.*, No. 16-CV-4254, 2018 WL 2980325, at *3 (S.D.N.Y. June 14, 2018) ("When reviewing the sufficiency of counterclaims, the Court is required to 'draw all reasonable inferences in [the non-moving party's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.'" (alteration in original)).

chocolate-, and cocoa-based beverages, as well as cookies, pastries and crackers. (ECF No. 1 at 4-6; *see also* ECF No. 45 at 14-15.)

The counterclaim defendant, Lin's Waha International Corp., also manufactures and sells food products, including instant noodles, beverages, baked goods, and jarred vegetables. (ECF No. 1 at 2.) Lin's Waha obtained copyright registrations with the United States Copyright Office for 11 images of "a cartoon version of a smiling, wide-eyed, potbellied chef wearing a chef's hat, neckerchief, cuffed short-sleeve shirt, apron, and sneakers." (ECF No. 45 at 19-20.) Lin's Waha also owns two trademark registrations issued by the United States Patent and Trademark Office in July of 2014, which contain the same cartoon chef next to the phrase "Kang Shi Fu;" the trademarks are for tea-based beverages and instant noodle soups. (*Id.* at 17-18.) Lin's Waha has one open trademark registration application for using the same mark on cakes, cookies, and pastries. (*Id.* at 17.)

In March of 2016, Tingyi initiated a proceeding before the Trademark Trial and Appeal Board ("TTAB") to cancel Lin's Waha's Kang Shi Fu trademarks. (ECF No. 45 at 20.) The TTAB suspended the proceeding pending the outcome of this action. (*Id.*) On January 19, 2017, Tingyi sent Lin's Waha a cease-and-desist letter charging that "Lin's Waha's use of the [Kang Shi Fu] Mark for instant noodles and tea beverages is a direct infringement of Tingyi's *identical* KANG SHI FU Marks" and "constitutes, *inter alia*, federal registered trademark infringement and unfair competition . . . ." (ECF No. 1-4 at 4 (emphasis in original); ECF No. 45 at 21.) Tingyi demanded that Lin's Waha cease using the Kang Shi Fu marks. (ECF No. 1-4 at 4-5; ECF No. 45 at 21.)

On February 10, 2017, Lin's Waha commenced this action against Tingyi under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, federal trademark laws, 15 U.S.C. § 1051

*et seq.*, and corresponding state law, seeking a declaration that Lin's Waha's use of marks covered by its trademark registrations does not infringe or interfere with any of Tingyi's asserted rights. (*See* ECF No. 1 at 1-2.) Lin's Waha also requested cancellation of Tingyi's trademark registrations for abandonment and non-use. (*Id.* at 2.)

On February 26, 2018, Tingyi filed an Amended Complaint and Counterclaims, asserting 11 counterclaims: federal trademark infringement (Count I), federal unfair competition (Count II), indirect/vicarious trademark infringement (Count III), contributory trademark infringement (Count IV), direct and indirect copyright infringement of Tingyi's copyrights (Counts V, VI), a declaratory judgment of invalidity of Lin's Waha's copyrights (Count VII), common law unfair competition (Count VIII), common law trademark infringement (Count IX), cancellation of Lin's Waha's trademark registration (Count X), and opposing Lin's Waha's federal trademark application. (ECF No. 45.)

On March 30, 2018, Lin's Waha moved to dismiss Count VII of Tingyi's counterclaims for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 59.) Tingyi responded on April 30, 2018, and Lin's Waha replied on May 18, 2018. (ECF Nos. 60, 61.)

**DISCUSSION**

Lin's Waha argues that I do not have subject matter jurisdiction over Count VII of Tingyi's counterclaims because it does not present an actual case or controversy. Lin's Waha also argues that Count VII fails to state a claim for relief under the Copyright Act because a declaratory judgment claim for copyright invalidity can only be brought as a defense to a claim for infringement, a claim Lin's Waha did not make. For the reasons that follow, I conclude that

4

there is a justiciable case or controversy, and that Tingyi has stated a claim for relief under the Copyright Act. Accordingly, I deny Lin's Waha's motion to dismiss Count VII.[2]

## I. Fed. R. Civ. P. 12(b)(1)

### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) ("After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." (internal citations and quotation marks omitted)). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the [pleading] . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir.

---

[2] Lin's Waha argues that Tingyi cannot recover attorneys' fees under Count VII because the claim "is not one for copyright infringement and does not purport to be based on any specific cause of action under the Copyright Act," and an award of attorneys' fees "would run afoul of 17 U.S.C. § 412." (ECF No. 59 at 14.) Tingyi's ability to seek attorneys' fees is not a basis to dismiss the counterclaim. Moreover, a claim for a declaration of copyright invalidity arises under the Copyright Act because it requires construction of the Act. *See Bassett v. Mashantucket Pequot Tribe*, 2014 F.3d 343, 349 (2d Cir. 2000) ("[A] suit 'arises under' the Copyright Act" if the pleading "asserts a claim requiring construction of the Act." (internal quotation marks and citation omitted).) Count VII asserts that Lin's Waha's "Infringing Chef Design constitutes an unauthorized derivative work . . . in violation of 17 U.S.C. §§ 101 and 103" of the Copyright Act. (ECF No. 45 at 35.) Section 412 forecloses attorneys' fee awards only for copyright infringement claims, which Lin's Waha agrees Count VII is not. *See* 17 U.S.C. § 412 ("In any action under this title, . . . no award of statutory damages or attorney's fees . . . shall be made for . . . (1) any *infringement of copyright* in an unpublished work commenced before the effective date of its registration; or (2) any *infringement of copyright* commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." (emphasis added)); *cf. 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 263 (2d Cir. 2015) ("There is nothing in the statute that prohibits fee awards in cases . . . of *non* infringement." (internal quotation marks and alterations omitted) (emphasis in original)).

2014); *see also Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) ("In reviewing a facial attack to the court's jurisdiction, [courts] draw all facts—which [are] assume[d] to be true unless contradicted by more specific allegations or documentary evidence—from the complaint and from the exhibits attached thereto.")

### B. Actual Case or Controversy

Lin's Waha argues that I should dismiss Count VII for lack of subject matter jurisdiction because there is no "actual controversy." (ECF No. 59 at 7-12.) Specifically, Lin's Waha contends that it has not asserted its copyrights in the dispute with Tingyi, and has not made or threatened a claim against Tingyi based on its copyrights. (*Id.* at 10.) According to Lin's Waha, the "fact that Tingyi disputes the validity of Lin's Waha's copyright in and of itself is not a basis upon which to find an actual case or controversy." (*Id.*) Tingyi responds that "[c]ourts have explicitly rejected this sort of intellectual property hair-splitting and have allowed litigants to pursue declaratory judgment claims involving one form of intellectual property, even if the underlying dispute involved an entirely different species of intellectual property protection." (ECF No. 60 at 13.) Tingyi argues that there is an actual controversy because Lin's Waha's copyright registration and use of the chef design constitute "actual interference with Tingyi's legal interests." (*Id.* at 13-15.)

"In a case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration" pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201(a). "The Declaratory Judgment Act confers on federal courts 'unique and substantial discretion in deciding whether to declare the rights of litigants,'" but it does not extend the courts' subject matter jurisdiction. *Peconic Baykeeper, Inc.*

*v. Suffolk County*, 600 F.3d 180, 187 (2d Cir. 2010) (citation omitted); *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014).

To satisfy the "actual controversy" standard, the dispute "must be definite and concrete, touching the legal relations of parties having adverse legal interests;" it must be "real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)) (internal quotation marks and alterations omitted). There must be "'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (2d Cir. 1941)). Because "[d]eclaratory judgment actions are particularly useful in resolving trademark disputes . . . the finding of an actual controversy should be determined with some liberality." *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596 (2d Cir. 1996).

Counterclaim Count VII presents an actual controversy. The crux of the instant litigation is the parties' rights to use the image of the chef and the Kang Shi Fu logo. Lin's Waha owns copyright and trademark registrations of the images, and Tingyi owns trademark registrations of similar images, and claims to own copyrights in the marks. Both parties use the images on products that they manufacture and distribute. Count VII of Tingyi's counterclaims seeks a declaratory judgment that Lin's Waha's copyrights are invalid. "The factual and legal dimensions of the dispute are well defined," and "nothing about the dispute would render it unfit for judicial resolution." *MedImmune*, 549 U.S. at 128.

The fact that Lin's Waha has not yet brought a specific claim for copyright infringement does not nullify the controversy. "[E]ven when a defendant does not pursue an available copyright claim the court has subject-matter jurisdiction over a declaratory-judgment plaintiff's claim for copyright non-infringement as long as there is an actual controversy between the parties over intellectual property." *See BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 1177966, at *3 (S.D. Tex. Mar. 29, 2017) (citing *Touchpoint Communications, LLC v. Dentalfone*, LLC, 3:15-CV-05240-JRC, 2016 WL 524260, at *4 (W.D. Wash. Feb. 10, 2016)).

The cases that Lin's Waha cites for the proposition that "a determination of the validity of a party's intellectual property rights generally is unripe when such rights have not been asserted against the party seeking a declaratory judgment" are distinguishable. (ECF No. 59 at 8.) The parties in *Nike, Inc. v. Already, LLC* and *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.* entered into a covenant not to sue, thus "vitiate[ing] any coercive force" that the copyrights would otherwise have. *Velvet Underground*, 890 F. Supp. 2d 398, 405-07 (S.D.N.Y. 2012) (covenant not to sue "divests [the] Court of declaratory judgment jurisdiction"); *Already*, 663 F.3d 89, 97 (2d Cir. 2011) (there was no actual case or controversy where the non-moving party had executed a covenant not to sue). Lin's Waha has made no such promise. Thus, Lin's Waha's active copyright registrations place it in a position to remain "capable of taking some action that threatens to damage" Tingyi or "impair [Tingyi]'s ability to exercise its rights." *Velvet Underground*, 890 F. Supp. 2d at 406.

I also reject the argument that there is no controversy because "there is no imminent risk of suit." (ECF No. 59 at 8.) *MedImmune* abrogated the "reasonable apprehension of imminent suit" standard in favor of a lowered standard in intellectual property-related declaratory judgment

cases. *Gelmart Indus. v. Eveready Battery Co.*, 120 F. Supp. 3d 327, 331 (S.D.N.Y. 2014). "After *MedImmune,* so long as the factual and legal dimensions of the dispute are well defined and nothing about the dispute would render it unfit for judicial resolution, jurisdiction is not defeated by a party's decision to refrain from taking some action and thus make what would otherwise be an imminent threat of suit at least remote, if not nonexistent." *Id.* (quoting *MedImmune*, 549 U.S. at 128) (internal quotation marks and alterations omitted). As discussed above, that test has been met here.

Accordingly, Lin's Waha's motion to dismiss Count VII of Tingyi's counterclaims for lack of subject matter jurisdiction is denied.

## II. Fed. R. Civ. P. 12(b)(6)

### A. Standard of Review

A complaint must allege sufficient facts which, taken as true, state a plausible claim for relief, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), but a court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A claim has facial plausibility when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" the plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556, 570).

A court considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is limited to the factual allegations in the pleading, the documents attached to the pleading as exhibits or incorporated in it by reference, matters of which judicial notice may be taken, and documents either in the plaintiffs' possession or of which the plaintiffs had knowledge

and relied on in bringing suit. *Faconti v. Potter*, 242 Fed. Appx. 775, 777 (2d Cir. 2007); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

### B. Claim for Relief Under the Copyright Act

Lin's Waha seeks dismissal of Count VII because "there is no support for Tingyi's claim that it may seek a declaration of copyright invalidity absent an affirmative copyright infringement claim by Lin's Waha or a dispute over the authorship or ownership of a single work." (ECF No. 59 at 12-13.) The cases upon which Lin's Waha relies, however, do not support its argument. *See Vaad L'Hafotzas Sichos, Inc. v. Krinsky*, 133 F. Supp. 3d 527 (E.D.N.Y. 2015) (federal courts have no authority to cancel copyright registration because "there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action"); *Kwan v. Schlein*, 2008 U.S. Dist. LEXIS 87441 (S.D.N.Y. Oct. 30, 2008) ("there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action, rather than as a defense to a copyright certificate's validity"). The plaintiffs in *Vaad* and *Kwan* sought cancellation of a copyright for fraud on the Copyright Office; Tingyi seeks *a declaration* that Lin's Waha's copyrights are invalid.

Although the bulk of cases involving claims of declaratory judgment for copyright invalidity also involve claims of copyright infringement, Lin's Waha cites no authority to support its argument that a claim of copyright infringement is a pre-requisite to a claim for declaratory judgment for copyright invalidity. *See, e.g., 16 Casa Duse, LLC v. Merkin*, No. 12-CV-3492, 2013 WL 5510770, at *11-12 (S.D.N.Y. Sept. 27, 2013), *aff'd in part, rev'd in part on other grounds and remanded*, 791 F.3d 247 (2d Cir. 2015) (granting summary judgment for declaratory judgment of copyright invalidity in absence of copyright infringement action); *784 8th St. Corp. v. Ruggiero*, 2018 U.S. Dist. LEXIS 51234, at *14 (E.D.N.Y. Feb. 28, 2018)

(adopting report and recommendation granting summary judgment invalidating copyright registration); *Pastime LLC v. Schreiber*, No. 16-CV-8706, 2017 WL 6033434, at *4 (S.D.N.Y. Dec. 5, 2017) (distinguishing copyright cancellation from copyright invalidity and citing with approval federal court's authority to invalidate copyrights); *Duncanson v. Wathen*, 2016 U.S. Dist. LEXIS 183674, at *5 (M.D. Fla. Apr. 14, 2016) (noting correctness of plaintiff's assertion that "courts have allowed claims for a declaratory judgment that a copyright is invalid premised on fraud").

Accordingly, Lin's Waha's motion to dismiss Count VII of Tingyi's counterclaims for failure to state a claim under the Copyright Act is denied.

## CONCLUSION

Lin's Waha's motion to dismiss Count VII of Tingyi's counterclaims is denied in its entirety.

**SO ORDERED.**

s/Ann M. Donnelly<br>
The Honorable Ann M. Donnelly<br>
United States District Judge

Dated: Brooklyn, New York
      December 13, 2018